ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB -3 AM 8: 46

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| WARREN SKILLERN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 606-007 |
| ) | |
| CHARLES P. ROSE, Judge, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Petitioner brought the captioned matter pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2). For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED**, that his petition be **DISMISSED** without prejudice, and that this case be **CLOSED**.

### I. BACKGROUND

Petitioner asserts that Respondent, a state court judge, erred in denying his state petition for writ of habeas corpus, filed in the Superior Court of Tattnall County, Georgia. (Doc. no. 1, p. 1). He provides few details. (See generally id.). Strangely, Petitioner does admit that he is "AEDPA barred from any federal remedy."[1] (Id. at 1). In fact, Petitioner is

---

[1] Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA subjects § 2254 petitions to a one-year statute of limitations, see 28 U.S.C. § 2244(d), and requires petitioners to obtain authorization from the court of appeals before filing second or successive petitions, see 28 U.S.C. § 2244(b)(3)(A). Petitioner has run afoul of both of these requirements in previous cases. See, e.g., Skillern v. Smith, CV 202-0030-RWS (N.D. Ga. Dec. 20,

a notorious vexatious litigant in the Northern District of Georgia.

On October 22, 2003, after recounting Petitioner's long history of frivolous habeas filings, the Honorable Richard W. Story, United States District Judge, enjoined Petitioner from filing further habeas petitions in the Northern District of Georgia:

> [T]he Court **ENJOINS** Plaintiff Warren Skillern from filing any future actions arising out of the arrest, trial, conviction and appeal of his 1994 convictions in Cherokee and Gordon Counties, without first obtaining leave of the Court. If Plaintiff wishes to file an action with this Court in the future, he must submit to the Court for consideration (1) a Petition for Leave to File, (2) a proposed filing, (3) an affidavit stating that Plaintiff's claims were not the subject of prior adjudication by this Court, and (4) a copy of this Order. The Clerk is hereby **DIRECTED** that if Plaintiff submits such a Petition, the Clerk shall forward the Petition and accompanying documents to the undersigned for consideration. The Clerk is further **DIRECTED** not to docket any future filings in such circumstances until this Court issues an Order so directing. Furthermore, any filings that fail to strictly comply with the above requirements will be returned to the Plaintiff.

Skillern v. Becky Tierce, CV 202-0106-RWS, doc. no. 102, p. 5 (N.D. Ga. Oct. 22, 2003).

The October 2003 injunction remains in full effect in the Northern District. See, e.g., Skillern v. Smith, CV 204-0060-RWS, doc. no. 12, p. 3 (N.D. Ga. May 5, 2004)(dismissing habeas petition transferred from Southern District of Georgia and explaining that "**ALL** filing restrictions listed in the October 22, 2003, Order, remain in effect"). Simply put, the instant petition is a blatant attempt to circumvent the injunction entered against him in the Northern District. It should also be recognized that the instant petition is not the first time Petitioner has attempted to circumvent Judge Story's order by filing a habeas petition in this District. See id.; see also Skillern v. Smith, CV 604-092 (S.D. Ga. Aug. 4, 2004); Skillern v. Smith, CV 604-035 (S.D. Ga. March 24, 2004); Skillern v. Smith, 603-160 (S.D. Ga. Dec.

---

2002)(denying petition as untimely); Skillern v. Smith, CV 202-0197-RWS (N.D. Ga. April 25, 2003)(dismissing petition as successive).

2

23, 2003). The Court is not amused.

In addition to his frivolous and repetitive filing of habeas petitions, the Court notes that Petitioner is also a serial filer of frivolous lawsuits. Since Judge Story's October 2003 Order, Petitioner has filed numerous civil rights complaints in both this District and the Northern District that have been dismissed as frivolous. See, e.g., Skillern v. Paul, CV 606-006, doc. no. 4 (S.D. Ga. Jan. 17, 2006)(recommending dismissal of case as barred by 28 U.S.C. § 1915(g)); Skillern v. Benton, CV 105-0911, doc. no. 3 (N.D. Ga. April 28, 2005)(dismissing case as frivolous); Skillern v. Howerton, CV 105-0372, doc. no. 3 (N.D. Ga. April 15, 2005)(same); Skillern v. Knight, CV 604-091, doc. no. 10, *adopted by* doc. no. 18 (S.D. Ga. Oct. 4, 2004)(dismissing case as barred by 28 U.S.C. § 1915(g)).

## II.   DISCUSSION

As the instant petition presents an obvious attempt to circumvent Judge Story's October 2003 Order, the Court **REPORTS** and **RECOMMENDS** that Petitioner be **DENIED** leave to proceed IFP and that the instant petition be **DISMISSED**. In addition, as Petitioner continues to bring frivolous lawsuits and habeas petitions in federal court, it is time Petitioner was warned of the possible consequences should he persist in such litigation behavior.

This Court has two levels of treatment for serial filers who persist in frivolous filings despite the Court's repeated warnings: (1) "28 U.S.C. § 1915(g)-plus" treatment; and (2) "28 U.S.C. § 1915(g)-plus *plus*" treatment. These remedies, which operate similarly to Judge Story's October 2003 Order, are aimed at serial filers who, because they keep little or no money in their inmate accounts, are simply not deterred by the financial impact of having

3

to pay filing fees for each case, as required by § 1915(a). Nor do many such inmates evidently care about § 1915(g)'s bar, in that they persist in filing lawsuits seemingly just to make judges go through the motion of having to deny them under § 1915(g).

Subject to very narrow exceptions, then, "28 U.S.C. § 1915(g)-plus" treatment bars any further filings until the inmate first pays, up front, all accumulated filing fees, see Heard v. Washington, CV 602-107, doc. no. 11, *adopted by* doc. no. 14 (S.D. Ga. March 3, 2003), while "28 U.S.C. § 1915(g)-plus-*plus*" treatment bars virtually all filings outright, see Heard v. Ashcroft, CV 603-060, doc. no. 8 (S.D. Ga. June 6, 2003). Should Petitioner continue his pattern of frivolous litigation conduct, he will run the risk of incurring such sanctions against him.

## III.   CONCLUSION

In sum, for the above reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED**, that his petition be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4